**FILED**

JUN 18 2008

Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Juan F. Evans,  )
  )
   Plaintiff,  )
  )
v.  )  Civil Action No.  08 1042
  )
William K. Suter *et al.*,  )
  )
   Defendants.  )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject-matter jurisdiction.[1]

Plaintiff is a resident of Fort Walton Beach, Florida, suing United States Supreme Court Clerk William K. Suter and two assistant clerks of the Supreme Court for allegedly refusing to file his submissions. Plaintiff seeks injunctive relief and monetary damages.

This Court lacks subject-matter jurisdiction to review the decisions of Supreme Court employees made, as alleged here, during the performance of their official duties. *In re Marin*, 956 F.2d 339 (D.C. Cir. 1992). Thus, plaintiff may not obtain injunctive relief because "[i]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action." *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980). Plaintiff may not recover monetary damages because "clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process," *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993), even if, as alleged here, the action taken

---

[1] "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"was in error . . . or was in excess of [the employee's] authority." *Wagshal v. Foster*, 28 F.3d 1249, 1253 (D.C. Cir. 1994) (citations and internal quotation marks omitted). Accordingly, the complaint is dismissed. A separate Order accompanies this Memorandum Opinion.

/s/ Ricardo M. Urbina
United States District Judge

Date: June 16, 2008

2